UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
-------------------------------------------------------X
Zachary Clark,

                      Plaintiff,

    -against-

CMRE Financial Services, Inc.

                      Defendant.
-------------------------------------------------------X

Civil Action No.: **'14CV0291 GPC DHB**

**VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, Zachary Clark (hereinafter referred to as "Plaintiff""), by and through his attorneys, Fredrick Schulman & Associates, Attorneys at Law, brings this action to recover monetary damages, and declaratory and injunctive relief against, Defendant, CMRE Financial Services, Inc. (hereinafter referred to as "Defendant"), arising from Defendant's violations of 15 U.S.C. §1692 *et seq*., commonly referred to as the Fair Debt Collection Practices Act (hereinafter referred to as "FDCPA"), which prohibits debt collectors from engaging in false, deceptive, misleading, or unfair collection practices, and respectfully sets forth, complains and alleges, upon information and belief, the following:

**PRELIMINARY STATEMENT**

The FDCPA regulates the behavior of collection agencies attempting to collect a debt on behalf of another. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by debt collectors, and has determined that abusive debt collection practices contribute to a number of personal bankruptcies, marital instability, loss of jobs, and invasions of individual privacy. Congress enacted the FDCPA to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged,

and to promote uniform State action to protect consumers against debt collection abuses. 15 U.S.C. §1692(a)-(e).

The elements of an FDCPA claim are (1) the Plaintiff(s) is a consumer under 15 U.S.C. §1692a(3) or §1692c(d); (2) the debt at issue is a consumer debt under 15 U.S.C.§1692a(5); (3) the Defendant is a debt collector under 15 U.S.C. §1692a(6); and (4) that the Defendant has violated, through acts or omissions, some part of the FDCPA.

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331, as well as 15 U.S.C. §1692 *et seq*. and 28 U.S.C. §2201.  If applicable, the Court also has pendent jurisdiction over the State law claims in this action pursuant to 28 U.S.C. §1367(a).

2. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b).

## PARTIES

3. Plaintiff is a natural person and resident of San Diego County, California.

4. At all relevant times herein, Plaintiff is a "consumer" as that term is defined in 15 U.S.C. §1692a(3) of the FDCPA.

5. Upon information and belief, Defendant CMRE Financial Services, Inc. is a California corporation conducting business from offices located at 3075 East Imperial Hwy Suite 200 Brea, California 92821.

6. Defendant regularly uses the mail and telephone in a business, the principal purpose of which is the collection of debts.

7. Defendant regularly collects or attempt to collect debts for other parties, and therefore, is a "debt collector" as the phrase is defined in 15 U.S.C. §1692a(6) of the FDCPA.

## FACTS

8. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "7" herein with the same force and effect as if the same were set forth at length herein.

9. Upon information and belief, Plaintiff purchased a new cellular telephone in or around January 2013.

10. In or around January 2013, Defendant commenced collection activity against Plaintiff to recover an alleged debt (referred to hereinafter as the "Alleged Debt") by placing a telephone call to Plaintiff's newly acquired cellular telephone.

11. Upon information and belief, the nature of the Alleged Debt is the type of debt the FDCPA was designed to regulate.

12. Defendant spoke with Plaintiff and asked to speak with a third party whom Plaintiff has no knowledge of.

13. Plaintiff informed Defendant that said third party does not reside with Plaintiff.

14. Plaintiff further requested that Defendant stop placing telephone calls to his cellular telephone.

15. Nonetheless, Defendant continuously called Plaintiff in attempt to reach said third party throughout the next eight (8) months.

16. Defendant persisted in this behavior despite Plaintiff's repeated requests that Defendant stop placing telephone calls to his number.

17. Upon information and the belief, Defendant has most recently placed telephone calls to Plaintiff on the following dates:

> On or about, September 16, 2013.
> On or about September 25, 2013.
> On or about October 4, 2013.
> On or about October 15, 2013.

18.     As a direct consequence of the Defendant's acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

**FIRST CAUSE OF ACTION**
**Violation of 15 U.S.C. § 1692b(3)**

19.     Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "18" herein with the same force and effect as if the same were set forth at length herein.

20.     Defendant's conduct violated the Fair Debt Collection Practices Act 15 U.S.C. §1692b(3) by communicating with a third party more than once, when not requested to do so.

21.     Specifically, Defendant repeatedly called Plaintiff regarding a third party despite being repeatedly asked not to do so.

22.     As a result of Defendant's violation of the FDCPA, Plaintiff is entitled to statutory damages, costs and reasonable attorneys' fees.

**SECOND CAUSE OF ACTION**
**Violation of 15 U.S.C. § 1692d**

23.     Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "22" herein with the same force and effect as if the same were set forth at length herein.

24.     Defendant's conduct violated §1692d in that Defendant engaged in conduct the natural consequence of which was to harass, oppress, or abuse Plaintiff when Defendant repeatedly called Plaintiff regarding a third party despite being asked numerous times not to do so.

25.     As a result of Defendant's violation of the FDCPA, Plaintiff is entitled to statutory damages, costs and reasonable attorneys' fees.

## DEMAND FOR TRIAL BY JURY

26. Plaintiff hereby demands a trial by jury for all claims and issues in this complaint for which the Plaintiff is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Zachary Clark demands judgment from the Defendant CMRE Financial Services, Inc., as follows:

A.  For statutory damages provided and pursuant to 15 U.S.C. §1692k(a)(2):

B.  For attorneys' fees and costs provided and pursuant to 15 U.S.C. §1692k(a)(3);

C.  For a declaration that the Defendant's practices violated the FDCPA; and,

D.  For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

Dated:  New York, New York
        February 7, 2014

                               Respectfully submitted,


                               By: _s/ Dian McDowell_
                                   Diane C. McDowell, Esq.
                               Fredrick Schulman & Associates
                               30 East 29TH Street
                               New York, New York 10016
                               (212) 796-6053
                               NYECF@fschulmanlaw.com
                               Attorney for Plaintiff

## VERIFICATION[1]

STATE OF: California

COUNTY OF: San Diego

Zachary , says:
[NAME]

I am the Plaintiff in the within action. I have read the within Plaintiff's Verified Complaint, and pursuant to 28 U.S.C.A. §1746 I declare under penalty of perjury that the foregoing is true and correct. Executed on 11/1/13 .

[DATE]

Zachary Clark
[PRINT NAME]

*Zachary Clark*
[SIGNATURE]

---

[1] A Plaintiff's Complaint is successfully verified if he/she declares under penalty of perjury that the forgoing is true and correct. See *Hayes v. Garcia*, 461 F. Supp. 2d 1198, 1204 (S.D. Cal. 2006) aff'd, 293 F. App'x 447 (9th Cir. 2008) (stating that to verify a complaint, the plaintiff must swear or affirm that the facts in the complaint are true under the pains and penalties of perjury.; *Smiley v. Ponto*, CIV. 05-4094, 2007 WL 914025 (D.S.D. Mar. 23, 2007) (stating that a complaint signed and dated as true under penalty of perjury satisfies the requirements of a verified complaint.).