Grace Felipe (SBN: 190893)
felipeg@cmtlaw.com
Tamar Gabriel (SBN: 266860)
gabrielt@cmtlaw.com
CARLSON & MESSER LLP
5959 W. Century Boulevard, Suite 1214
Los Angeles, California 90045
(310) 242-2200 Telephone
(310) 242-2222 Facsimile

Attorneys for Defendant,
CMRE FINANCIAL SERVICES, INC.

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZACHARY CLARK, | CASE NO. 3:14-CV-00291-GPC-DHB |
| Plaintiff, | |
| vs. | **ANSWER TO COMPLAINT** |
| CMRE FINANCIAL SERVICES, INC. | |
| Defendant. | |

Defendant CMRE FINANCIAL SERVICES, INC. ("Defendant"), for itself and for no other, hereby answers the Complaint of ZACHARY CLARK ("Plaintiff") as follows:

///

///

///

1. Answering the unnumbered paragraph preceding the paragraph entitled "Preliminary Statement" in the Complaint, Defendant admits that Plaintiff's action arises out of alleged violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.* ("FDCPA"); however, Defendant denies any violations thereof or any wrongdoing. Except as specifically admitted herein, Defendant denies the rest of the allegations in said paragraph.

2. Answering the unnumbered paragraphs entitled "Preliminary Statement" in the Complaint preceding Paragraph 1 of the Complaint, the allegations in said paragraph are vague and ambiguous as to whether it contains any affirmative allegations against Defendant. To the extent that said paragraph is deemed to contain any affirmative allegations against Defendant, Defendant denies them.

**JURISDICTION**

3. Answering Paragraph 1 of the Complaint, Defendant admits that this court has jurisdiction over Plaintiff's federal law claims. Except as specifically admitted herein, Defendant denies the allegations contained in Paragraph 1 of the Complaint.

4. Defendant denies the allegations contained in Paragraph 2 of the Complaint as they constitute a legal conclusion.

///

///

///

## PARTIES

5. Answering Paragraph 3 of the Complaint, Defendant admits Plaintiff is a natural person but lacks sufficient knowledge to either admit or deny that he resides in San Diego County, California.

6. Answering Paragraph 4 of the Complaint, Defendant presently lacks sufficient knowledge to form a belief as to whether the financial obligations at issue were incurred primarily for personal, family or household purposes. Therefore, Defendant can neither admit nor deny whether Plaintiff is a "consumer" as that term is defined in 15 U.S.C. §1692a(3) of the FDCPA. Furthermore, Defendant denies the allegations in said paragraph as they constitute a legal conclusion, are ambiguous, lack foundation, and are vague. Moreover, Plaintiff has not properly identified the debt at issue. Except as herein admitted, the remaining allegations of Paragraph 4 are denied.

7. Answering Paragraph 5 of Plaintiff's Complaint, Defendant admits that it has an office located in Brea, California.

8. Answering Paragraph 6 of the Complaint, Defendant admits that it uses the mail and telephone in the course of business. Except as herein admitted, the remaining allegations of Paragraph 6 are denied, which are vague, ambiguous, lack foundation, and constitute a legal conclusion.

9. Answering Paragraph 7 of the Complaint, Defendant admits that under certain circumstances it may be considered a "debt collector" as that term is defined by the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a(6); however,

Defendant presently lacks sufficient knowledge to form a belief as to whether the financial obligations at issue were incurred primarily for personal, family or household purposes. Therefore, Defendant can neither admit nor deny whether it acted as a "debt collector" in this case. Except as specifically admitted herein, Defendant denies the remaining allegations in said paragraph as they constitute a legal conclusion.

## FACTS

10. For its answer to Paragraph 8 of the Complaint, Defendant incorporates by reference its responses set forth in paragraphs 1-9 above.

11. Answering Paragraph 9 of the Complaint, Defendant lacks sufficient information to either admit or deny the allegations in said paragraph.

12. Answering Paragraph 10 of the Complaint, Defendant lacks sufficient information to either admit or deny the allegations in said paragraph, which are also vague, ambiguous, lack foundation, and constitute legal conclusions.

13. Answering Paragraph 11 of the Complaint, Defendant lacks sufficient information to either admit or deny the allegations in said paragraph, which are vague, ambiguous, lack foundation, and constitute a legal conclusion. Moreover, Plaintiff has not properly identified the debt at issue.

14. Answering Paragraph 12 of the Complaint, Defendant lacks sufficient information to either admit or deny the allegations in said paragraph, which are also vague, ambiguous, lack foundation, and constitute a legal conclusion.

15. Answering Paragraph 13 of the Complaint, Defendant lacks sufficient information to either admit or deny the allegations in said paragraph, which are also vague, ambiguous, lack foundation, and constitute a legal conclusion.

16. Answering Paragraph 14 of the Complaint, Defendant lacks sufficient information to either admit or deny the allegations in said paragraph, which are also vague, ambiguous, lack foundation, and constitute a legal conclusion.

17. Answering Paragraph 15 of the Complaint, Defendant denies the allegations in said paragraph, which are also vague, ambiguous, lack foundation, and constitute a legal conclusion.

18. Answering Paragraph 16 of the Complaint, Defendant denies the allegations in said paragraph, which are also vague, ambiguous, lack foundation, and constitute a legal conclusion.

19. Answering Paragraph 17 of the Complaint, Defendant lacks sufficient information to either admit or deny the allegations in said paragraph, which are also vague, ambiguous, lack foundation, and constitute a legal conclusion.

20. Answering Paragraph 18 of the Complaint, Defendant denies the allegations in said paragraph, which are also vague, ambiguous, lack foundation, and constitute a legal conclusion.

## FIRST CAUSE OF ACTION

21. Answering Paragraph 19 of the Complaint, Defendant incorporates by reference its responses set forth in paragraphs 1-20 above.

22. Answering Paragraph 20 of the Complaint, Defendant denies the allegations in said paragraph, which are vague, ambiguous, lack foundation, and constitute a legal conclusion.

23. Answering Paragraph 21 of the Complaint, Defendant denies the allegations in said paragraph, which are vague, ambiguous, lack foundation, and constitute a legal conclusion.

24. Answering Paragraph 22 of the Complaint, Defendant denies the allegations in said paragraph, which are vague, ambiguous, lack foundation, and constitute a legal conclusion. Furthermore, Defendant denies that Plaintiff is entitled to the relief requested in said paragraph.

## SECOND CAUSE OF ACTION

25. Answering Paragraph 23 of the Complaint, Defendant incorporates by reference its responses set forth in paragraphs 1-22 above.

26. Answering Paragraph 24 of the Complaint, Defendant denies the allegations in said paragraph, which are vague, ambiguous, lack foundation, and constitute a legal conclusion.

27. Answering Paragraph 25 of the Complaint, Defendant denies the allegations in said paragraph, which are vague, ambiguous, lack foundation, and constitute a legal conclusion. Furthermore, Defendant denies that Plaintiff is entitled to the relief requested in said paragraph.

28.     Answering Paragraph 26 of the Complaint, the allegations in said paragraph are not directed at Defendant and therefore Defendant is not required to admit or deny these allegations.

29.     Answering the unnumbered paragraph in the Complaint which includes the Plaintiff's "Prayer For Relief" with subparagraphs (A)-(D), Defendant denies that Plaintiff is entitled to the relief requested therein.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

1.     As a separate, affirmative defense, Defendant alleges that Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

2.     As a separate, affirmative defense, Defendant alleges that Plaintiff's Complaint, and all allegations contained therein, or portions thereof, are barred by the applicable statute of limitations.

### THIRD AFFIRMATIVE DEFENSE

3.     As a separate, affirmative defense, Defendant alleges that its actions were proper and did not violate any statutes, including the provisions of 15 U.S.C. § 1692, *et seq.* of the Fair Debt Collection Practices Act ("FDCPA").

### FOURTH AFFIRMATIVE DEFENSE

4.     As a separate, affirmative defense, Defendant alleges that Plaintiff lacks standing to assert the claims for relief in the Complaint.

## FIFTH AFFIRMATIVE DEFENSE

5. As a separate, affirmative defense, Defendant alleges that at all times mentioned in the Complaint, Defendant acted lawfully and within its legal rights, with a good faith belief in the exercise of that right, and in the furtherance of a legitimate business purpose. Further, Defendant acted in good faith in the honest belief that the acts, conduct and communications, if any, of Defendant were justified under the circumstances based on information reasonably available.

## SIXTH AFFIRMATIVE DEFENSE

6. As a separate, affirmative defense, Defendant alleges that it did not engage in any conduct that was intentional, knowing, willful, reckless, malicious, wanton or outrageous, and that Defendant at all times acted in good faith with respect to its communications with Plaintiff.

## SEVENTH AFFIRMATIVE DEFENSE

7. As a separate, affirmative defense, Defendant alleges that if it is assumed, *arguendo*, that Defendant violated a statute as alleged in Plaintiff's Complaint, which presupposition Defendant denies, such violation was not negligent or intentional, and resulted from a *bona fide* error, notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

///

///

///

### EIGHTH AFFIRMATIVE DEFENSE

8. As a separate, affirmative defense, Defendant alleges that, at all times alleged in Plaintiff's Complaint, it maintained reasonable procedures created to prevent violations of the FDCPA.

### NINTH AFFIRMATIVE DEFENSE

9. As a separate, affirmative defense, Defendant alleges that if Plaintiff was damaged in any sum or sums alleged, which Defendant denies, then Plaintiff's damages are limited by, *inter alia*, the FDCPA.

### TENTH AFFIRMATIVE DEFENSE

10. As a separate, affirmative defense, Defendant alleges that Plaintiff's claims are, or may be, barred by the doctrines of unclean hands, laches, waiver and/or estoppel.

### ELEVENTH AFFIRMATIVE DEFENSE

11. As a separate, affirmative defense, Defendant alleges that Plaintiff's claims are, or may be, barred because the claimed injuries and damages were not proximately caused by any acts or omissions of Defendant.

### TWELFTH AFFIRMATIVE DEFENSE

12. As a separate, affirmative defense, Defendant alleges that Plaintiff's claims are, or may be, barred because the claimed injuries and damages, if any, were or may have been caused by the conduct of third parties, including, but not limited to, the prior, intervening, or superseding conduct of third parties.

///

### THIRTEENTH AFFIRMATIVE DEFENSE

13. As a separate, affirmative defense, Plaintiff's injuries, losses, or damages alleged in the Complaint were caused, or causally contributed to, by the comparative fault, negligence, negligence per se, assumption of risk, and/or culpable conduct of Plaintiff, and the amount of damages, if any, that may be recovered by Plaintiff's own conduct contributed to the cause of her alleged injuries, losses or damages.

### FOURTEENTH AFFIRMATIVE DEFENSE

14. As a separate, affirmative defense, Defendant alleges that federal law pre-empts some or all of Plaintiff's claims and causes of action, and said claims and causes of action are therefore barred as a matter of law.

### FIFTEENTH AFFIRMATIVE DEFENSE

15. As a separate, affirmative defense, Defendant alleges, to the extent that Plaintiff claims to have suffered damages, which is disputed by Defendant, Plaintiff has failed to mitigate any such claimed damages.

### SIXTEENTH AFFIRMATIVE DEFENSE

16. As a separate, affirmative defense, Defendant alleges the Complaint and each purported cause of action alleged therein against Defendant is barred by Plaintiff's own conduct, actions, omissions and inaction which amount to and constitute a waiver of such claims and any relief sought thereby.

///

///

## SEVENTEENTH AFFIRMATIVE DEFENSE

17. As a separate, affirmative defense, Plaintiff has actively attempted to place himself in a position to be the subject of unwilling alleged violations of the FDCPA, and maintained that position to maximize his own purported damages and injuries. As such, Plaintiff cannot complain of his alleged injuries or collect thereon.

## EIGHTEENTH AFFIRMATIVE DEFENSE

18. As a separate, affirmative defense, Defendant alleges that Plaintiff consented to the communications and/or disclosures complained of, the existence of which Defendant denies.

## NINETEENTH AFFIRMATIVE DEFENSE

19. As a separate, affirmative defense, to the extent that Defendant was provided with Plaintiff's number as the primary contact point for an account holder, implied and/or express permission existed for the calling of the number by Defendant. Such contact under those circumstances involves Defendant's right of commercial free speech and is not actionable by law.

## TWENTIETH AFFIRMATIVE DEFENSE

20. As a separate, affirmative defense, Defendant alleges that it had prior express consent to call the telephone number(s) at issue.

## TWENTY FIRST AFFIRMATIVE DEFENSE

21. As a separate, affirmative defense, Defendant alleges that Plaintiff's claims are barred to the extent the court lacks jurisdiction and/or the venue is improper.

## TWENTY SECOND AFFIRMATIVE DEFENSE

22.  As a separate, affirmative defense, Defendant alleges that it reserves the right to allege and assert any additional and/or further affirmative defenses as become apparent to Defendant during the course of this litigation.

## PRAYER FOR RELIEF

WHEREFORE, Defendant prays that Plaintiff's Complaint be dismissed with prejudice, for its attorneys' fees and costs incurred herein, and for such further relief as the Court deems just and equitable.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Defendant CMRE FINANCIAL SERVICES, INC. hereby requests a trial by jury in this case.

DATED: March 28, 2014            CARLSON & MESSER LLP


                                 By: /s/ Tamar Gabriel
                                     Tamar Gabriel
                                     Attorneys for Defendant
                                     CMRE FINANCIAL SERVICES, INC.

## **CERTIFICATE OF SERVICE**

I hereby certify that on this **28th** day of **March, 2014**, a true and accurate copy of the foregoing **ANSWER TO COMPLAINT** with the Clerk of Court using the ECF system which will send notification of such filing to the following E-mail address(es):

bkhelp713@yahoo.com
NYECF@fschulmanlaw.com


                                         /s/Tamar Gabriel
                                         Tamar Gabriel

1

Certificate of Service